STINE & CLARK v. MUNDY FUEL CO.
(No. 1998.)

(Court of Civil Appeals of Texas. Texarkana. June 18, 1918. On Motion for Rehearing, June 27, 1918.)

APPEAL AND ERROR ⟐1071(1) — HARMLESS ERROR—FINDINGS—DAMAGES.

Where amount of judgment was difference found by the court between contract price and market and actual value thereof, the judgment should not be disturbed because of further finding that plaintiff would have made profits amounting to the sum of the judgment, if the contract had been performed.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Action by Jeff Mundy, as the Mundy Fuel Company, against Stine & Clark. Judgment for plaintiff and defendants appeal. Affirmed. On motion for rehearing. Motion overruled.

Taylor, Allen & Taylor, of Henrietta, for appellants. Bass & Engledow, of Pittsburg, for appellee.

WILLSON, C. J. This was a suit by appellee, Jeff Mundy, who carried on business as a dealer in wood in the name "Mundy Fuel Company," against F. Stine and J. W. Clark, in which judgment was rendered in appellee's favor for $3,876.68 as the damages he was entitled to recover of appellants because of a breach by them of their undertaking to sell and deliver to him, and load on cars, at Faker, 5,000 cords of wood, on or before December 1, 1914, and because of a breach by them of their undertaking to sell and deliver to appellee on cars at Faker 500 cords of wood by June 1, 1914. By the terms of the contracts, both of which were in writing, appellee was to pay appellants $2 per cord for the 5,000 cords and $1.50 per car for loading same on cars, and $1.75 per cord for the 500 cords loaded on cars. Appellants delivered to appellee only 1,152 of the 5,000 cords they had agreed to deliver by December 1, 1914, and failed to deliver any of the 500 cords they had agreed to deliver by June 1, 1914.

The trial was to the court without a jury. The objections urged by appellants to the judgment are all on the theory that it was for profits the court thought appellee might have made by selling to his customers the wood appellants agreed, but failed, to deliver to him. The argument is that such profits were not recoverable, because "too remote, uncertain, and speculative." The court found that the contract price of the 3,848 cords which appellants agreed to deliver by December 1, 1914, but failed to deliver at all, was $2 per cord loaded on cars at Faker, whereas the

market and actual value of same at that place, at the time delivery thereof by appellants was contemplated, was $3 per cord. The court further found that the contract price of the 500 cords was $1.75 per cord, whereas the market and actual value of same at Faker, at the time delivery thereof was contemplated, was $2.50 per cord. Each of these findings is supported by testimony in the record. The amount of the judgment is the amount of the difference, found by the court as stated, between the price at which appellants agreed to sell the wood to appellee and the market and actual value thereof at Faker at the times it should have been delivered there to appellee. This being true, the judgment should not be disturbed, even if it appeared that the court erred, and we think he did not, when he also found that appellee would have made profits amounting to the sum of the judgment by selling the wood to his customers, had appellants delivered same to him as they agreed to.

The judgment is affirmed.

On Motion for Rehearing.

In the argument in support of the motion the statement in the opinion that the objections urged to the judgment were "all on the theory that it was for profits the court thought appellee might have made by selling to his customers the wood appellants agreed, but failed, to deliver to him," is challenged as incorrect, and attention is called to the fact that appellants in their fourth assignment complained of the finding of the trial court with reference to the "actual" (as distinguished by said court from the "market") value of the wood.

The action of this court was predicated mainly upon the finding that the wood had a market value at Faker, and that that market value exceeded the price appellee was to pay for the wood the sum adjudged in his favor. If that finding was warranted by the testimony, and we thought and yet think it was, it is obvious the judgment should not have been reversed because the finding of the trial court as to the "actual," as distinguished (by that court) from the "market," value of the wood, or his finding that appellee would have made profits in the amount of the judgment by a resale of the wood, had same been delivered to him in compliance with the contracts, may not have been warranted.

The motion is overruled.